536 F.2d 1160
 Johnnie J. LOWE and Ella L. Lowe, Individually and as
members and representatives of the classes in the
complaint, Plaintiffs-Appellants,
v.
AARCO-AMERICAN, INC., a corporation and Fairway Acceptance
Corporation, a corporation, Defendants-Appellees.
 No. 76-1226.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 28, 1976.
Decided June 22, 1976.
 
 Albert Koretzky, Chicago, Ill., for plaintiffs-appellants.
 Alan I. Boyer, Lawrence S. Bloom, Chicago, Ill., for defendants-appellees.
 Before CLARK, Associate Justice,* FAIRCHILD, Chief Judge, and CUMMINGS, Circuit Judge.
 PER CURIAM.
 
 
 1
 Johnnie J. and Ella L. Love, appellants, filed this class action alleging that Aarco-American, Inc. (Aarco) and Fairway Acceptance (Fairway) failed, in financing transactions involving the purchase of insurance, to clearly, conspicuously and meaningfully disclose the amount of the finance charge, the total number of payments required, the deferred payment price, the number of payments to be made and the amount of each, and the annual percentage rate charged, in violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. Appellants brought this suit individually and on behalf of all persons similarly situated who purchased automobile insurance policies from Aarco and financed the premiums required under those policies through Fairway. On motion to dismiss, the District Court found that the transaction between appellants and appellees was covered by Section 2(b) of the McCarran Act which provides that "No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance * * * unless such Act specifically relates to the business of insurance * * * ". 15 U.S.C. § 1012(b). The court dismissed the action since Illinois, the situs of the transaction, regulates insurance rates and premium financing under the Illinois Insurance Code, Ill.Rev.Stat., Ch. 73, § 1, et seq. and the Premium Financing Companies Act, Ill.Rev.Stat., Ch. 73, § 1065.60, et seq. Memorandum Opinion, December 31, 1975.
 
 
 2
 We agree with the District Court that the transaction before us, the credit sale of insurance policies by an insurance broker and a premium finance company, constitutes part of the "business of insurance" so as to be beyond the reach of the Truth in Lending Act. Contrary to the appellants' assertion, the "business of insurance" encompasses more than questions of the validity and enforceability of insurance policies or the limits of policy coverages. In a case very similar to the one before us, the statutory term was held to include also the setting of insurance rates and the terms for financing premiums as well as the disclosure of those terms. Gerlach v. Allstate Ins. Co., 338 F.Supp. 642, 649-50 (S.D.Fla.1972).[1] Moreover, the fact that neither appellee is an insurance company does not take the disputed transaction outside the scope of the "business of insurance." There is nothing in the McCarran Act which limits the "business of insurance" to the business of insurance companies, for as the Supreme Court has stated, "(the Act's) language refers not to the persons or companies who are subject to state regulation, but to laws 'regulating the business of insurance.' " SEC v. Nat'l Securities, Inc., 393 U.S. 453, 459, 89 S.Ct. 564, 568, 21 L.Ed.2d 668 (1969).
 
 
 3
 The particular elements of the "business of insurance" with which this case deals are regulated extensively by Illinois statutes. Illinois Insurance Code, supra; Premium Financing Companies Act, supra. These statutes represent the same kind of state regulatory scheme that prompted the District Court in Gerlach, supra, to conclude that "this Florida regulatory legislation on the same subject as Truth in Lending, namely, disclosure, would have precluded applicability of Truth in Lending in insurance premium consumer credit transactions in Florida". 338 F.Supp. at 650. Thus, in seeking to apply the Truth in Lending Act to supersede what the Illinois Legislature has enacted in this area, the appellants run head-on into the McCarran Act.
 
 
 4
 We see no relevance in the claim that Illinois has not been granted an exemption from the Truth in Lending Act.[2] The lack of such an exemption hardly could bring this transaction ipso facto within the Act and thereby negate the McCarran Act's removal of certain transactions from federal jurisdiction.
 
 
 5
 The appellants admit that "(i)n the instant case there is no inconsistency between the Truth in Lending Act and the disclosure requirements of the Illinois Premium Finance Companies Act."[3] Since Illinois has regulated this aspect of the "business of insurance" in the same manner as would the Truth in Lending Act, there is no compelling reason to restrict the full sway of the McCarran Act in this case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Associate Justice Tom C. Clark, United States Supreme Court (Ret.) is sitting by designation
 
 
 [1]
 Gerlach involved a suit for damages based on violation of the disclosure provisions of the Truth in Lending Act brought by the purchaser of automobile insurance against Allstate Insurance Company. The court held that the transaction between the plaintiff and Allstate whereby premiums were paid in installments with a service charge for each installment was not a "consumer credit" transaction within the meaning of the Truth in Lending Act. However, the court went on to hold that even if the premium insurance transaction were deemed a consumer credit transaction, the McCarran Act precluded application of the Truth in Lending Act
 
 
 [2]
 Section 123 of the Truth in Lending Act allows for exemptions to states which regulate credit transactions in a manner similar to the Act, 15 U.S.C. § 1633
 
 
 [3]
 Appellants' Brief at 9